**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARRY WHITLOCK, et al., | No. 11-16958 |
| Plaintiffs, | D.C. No. 3:08-cv-02742-SI |
| and | |
| DANIELLE SMITH; JO ANN WAKELAND, | MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| PEPSI AMERICAS; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted April 16, 2013
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before:  GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[**] District Judge.

        Plaintiffs Danielle Smith and Jo Ann Wakeland allege that Defendants Pepsi Americas, Whitman Corporation, Pneumo Abex Corporation, and unnamed individuals caused personal injuries to Plaintiffs by releasing trichloroethylene ("TCE") and hexavalent chromium from a chrome-plating facility in Willits, California.  The district court granted summary judgment to Defendants after excluding, under Federal Rule of Evidence 702, Plaintiffs' expert testimony on exposure and causation as scientifically unreliable.  See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993).  Reviewing the district court's evidentiary rulings for abuse of discretion, Primiano v. Cook, 598 F.3d 558, 563 (9th Cir. 2010), and its summary judgment rulings de novo, Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1137 (9th Cir. 2009), we affirm in part and reverse in part and remand.

        1.  The district court abused its discretion in excluding the expert testimony of Dr. O'Connor, Dr. Sawyer, and Dr. Byers.

        The O'Connor rebuttal report provided a reasoned ground for its assumption that TCE emissions between 1971 and 1975 would be similar to reported

        [**] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

2

trichloroethane emissions in 1988 and 1990; that premise is subject to attack by cross-examination, not exclusion. See Dorn v. Burlington N. Santa Fe R.R. Co., 397 F.3d 1183, 1196 (9th Cir. 2005) (holding that an expert's underlying assumptions and final conclusions go to the weight of the expert's testimony). Although Dr. O'Connor's testimony regarding hexavalent chromium exposure, alone, might not establish causation, his report is not inadmissible on that ground.

The district court exceeded its gatekeeping function in excluding Dr. Sawyer's testimony that the alleged TCE and chromium exposure levels were "within [a] reasonable range of that known [from several studies] to induce" the alleged injuries. Plaintiffs' alleged exposures were not so low that the occupational studies were irrelevant. Dr. Sawyer's consideration of the heightened sensitivity of children and Plaintiffs' probable ingestion of TCE-contaminated groundwater does not render his opinion inadmissible. Furthermore, Appendix G to the 2004 Public Health Assessment states that "hexavalent chromium releases from 1975-1995[ ] were likely orders of magnitude higher than estimates produced by the air model." Finally, the district court rested its decision in part on an erroneous interpretation of Dr. Sawyer's deposition testimony: He identified 50 $\mu g/m^3$, not 300 $\mu g/m^3$, as a threshold TCE exposure associated with the effects observed in the Byers study. Because Dr. Sawyer's opinion "rests on a reliable

3

foundation and is relevant to the task at hand," Daubert, 509 U.S. at 597, it is admissible. Whether it proves causation is not a question of admissibility. See Primiano, 598 F.3d at 564 ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.").

The district court impermissibly excluded Dr. Byers' report without explanation. Cf. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 691–92 (9th Cir. 1993) (holding that the failure to explain a discretionary decision was an abuse of discretion, where the reason was not apparent from the record). To the extent that it excluded the opinion because Dr. Byers relied on Dr. O'Connor's and Dr. Sawyer's reports, exclusion on that ground is impermissible in light of our decision that those experts' opinions are admissible.

2. The district court correctly granted summary judgment as to Plaintiffs' post-1975 claims relating to TCE exposure. Plaintiffs' experts did not testify that there is a causal connection between Plaintiffs' minimal TCE exposure during that period and their alleged injuries or medical monitoring requirements. See Potter v. Firestone Tire & Rubber Co., 863 P.2d 795, 800 (Cal. 1993); Jones v. Ortho Pharm. Corp., 209 Cal. Rptr. 456, 460 (Ct. App. 1985).

4

3.  The district court erred in granting summary judgment in favor of Defendants as to Plaintiffs' remaining claims because there are disputed issues of fact regarding exposure and causation.

AFFIRMED in part; REVERSED in part and REMANDED.  The parties shall bear their own costs on appeal.